IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LARAY JENKINS,**

        Petitioner,

    v.           CASE NO. 05-3360-SAC

**JOHNSON COUNTY DISTRICT COURT, et al.,**

        Respondents.

**O R D E R**

  This matter is before the court on a pro se petition and supporting memorandum for a writ of habeas corpus under 28 U.S.C. 2254. Petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915 is mooted by petitioner's payment of the $5.00 district court filing fee. Petitioner's motion for appointment of counsel is denied without prejudice at this time.

  Having reviewed the record, the court finds a preliminary response from respondents is required regarding the timeliness of petitioner's habeas application.

  There is a one year limitation period on habeas corpus petitions filed by a prisoner confined pursuant to a state court judgment. 28 U.S.C. 2244(d)(1). The running of this one year limitation period is subject to tolling as petitioner pursues state post-conviction relief or other collateral review. *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

  In the present case, it appears petitioner initiated at least

two post-conviction proceedings that resulted in an out of time consolidated appeal. Petitioner filed the instant federal habeas petition almost a year after the resolution of that consolidated appeal. However, after petitioner's conviction became final in February 2001, any time thereafter during which no properly filed post-conviction motion or appeal was pending in the state courts first counted against the 2244(d)(1) statutory limitation period. The court thus finds it appropriate to direct respondents to file a preliminary answer that is limited to the issue of whether the petition is timely filed. If respondents maintain the petition should be dismissed as time barred, petitioner may file a traverse to object to respondents' preliminary answer and return and/or identify any reason why the limitation period should be equitably tolled[1] in this case.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot, and that petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that respondents are granted thirty (30) days to file a responsive pleading that is limited to the issue of the timeliness of petitioner's application for relief

---

[1] The one year limitation period in 28 U.S.C. 2244(d)(1) is subject to equitable tolling, but only in rare and exceptional circumstances. Simple excusable neglect is not sufficient. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(citations and quotations omitted). Further, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Garcia v. Shanks, 351 F.3d 468, 473 n. 2 (10th Cir. 2003) (internal quotations omitted).

under 28 U.S.C. 2254, and that petitioner is granted ten (10) days after service of that responsive pleading to file a traverse thereto.

**IT IS SO ORDERED.**

DATED:  This 27th day of September 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge