```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**LARAY JENKINS,**

                                    Petitioner,

          v.                                           CASE NO. 05-3360-SAC

**JOHNSON COUNTY DISTRICT COURT, et al.,**

                                    Respondents.

## O R D E R

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Having reviewed the record, which includes both respondents' preliminary response concerning the timeliness of petitioner's habeas application and petitioner's traverse, the court finds the petition should be dismissed as time barred.

A one year limitations period applies to habeas corpus petitions filed by a prisoner confined pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  This limitations period is subject to tolling while properly filed state post-conviction proceedings and appeals therefrom are pending in the state courts.  28 U.S.C. § 2244(d)(2).

In the present case, petitioner alleges the sentence imposed by the state district court in 1999 for petitioner's conviction on charges of aggravated burglary and criminal damage to property was illegal because the sentencing judge unlawfully modified the criminal history score that petitioner argues was conclusively determined by the Kansas Department of Corrections in 1993

following enactment of the Kansas Sentencing Guidelines Act.[1] The limitations period in § 2244(d)(1) started running on this claim when petitioner's conviction became final on February 5, 2001. 199 days later, petitioner tolled further running of the limitations period by filing a post-conviction motion in the state district court on August 22, 2001, and then a later filed motion under K.S.A. 22-3504 to correct an illegal sentence. On November 22, 2002, the state district court denied both motions. Petitioner's appeal therefrom became final on September 13, 2004. The time remaining under § 2244(d)(1) limitations period thus resumed running and expired on February 27, 2005. Petitioner did not file the instant action until September 8, 2005, over six moths later. On this record, respondents seek dismissal of the petition as time barred.

In response, petitioner claims he submitted his post-conviction motion to the state district court on July 24, 2001, but it was not filed for four weeks. Even if the prison mailbox rule were to be applied to petitioner's submission of his post-conviction motion to the state courts,[2] the additional 28 days

---

[1] Petitioner's challenge to the legality of the sentence imposed by the state court is properly brought under 28 U.S.C. § 2254. See Preiser v. Rodriquez, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies). Compare, Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(state prisoner habeas petition challenging execution of sentence, rather than validity of conviction and/or sentence, is properly brought under 28 U.S.C. § 2241).

[2] See Houston v. Lack, 487 U.S. 266, 270 (1988)(pro se prisoner's notice of appeal deemed filed when delivered to prison authorities for forwarding to district court); Marsh v. Soares, 223 F.3d 1217, 1218 & n.1 (10th Cir. 2000)(mailbox rule applies

gained thereby would not result in the instant action being timely filed.

Petitioner next argues that Kansas allows a motion to correct an illegal sentence to be filed under K.S.A. 22-3504 at any time, thus his sentence for his conviction on the 1998 charges can not be considered "final" for purposes of the federal limitations period until that state motion is decided and reviewed. The court finds no merit to this argument.

Pursuant to § 2244, the one year limitations period runs from "the date on which the judgment became final by the conclusion of *direct* review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A)(emphasis added). *See also* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed). While petitioner may face no time restraint in pursuing post-conviction relief in the state courts from a sentence alleged to be illegal, he nonetheless is required to present his application under § 2254 to the federal court within the time allowed by 28 U.S.C. § 2244(d)(1) for seeking a federal writ of habeas corpus. His filing of a motion under K.S.A. 22-3504, and any collateral

---

to state prisoner's filing of a habeas petition under 28 U.S.C. § 2254); Taylor v McKune, 25 Kan.App.2d 283 (1998)(mailbox rule applies to prisoner habeas petition under K.S.A. 60-1501; state petition is considered filed when delivered to prison officials for mailing to state court clerk). *But see*, Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005)(stating specific requirements that must be met for application of prison mailbox rule).

3

review by the state courts of that action, operate as a post-conviction motion for the purpose of tolling under 28 U.S.C. § 2244(d)(2). It does not extend the date the state sentence being challenged became "final" under 28 U.S.C. § 2244(d)(1)(A).

The court also finds no merit to petitioner's reference to 28 U.S.C. § 2244(d)(1)(D) as setting the date from which the limitations period should run. Section 2244(d)(1)(D) runs the one year limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner identifies no newly discovered factual predicate to his claim that the state district court imposed an illegal sentence, and petitioner does not explain his seventeen month delay in filing a motion to correct the alleged illegal sentence.

Accordingly, because the petition was not filed within the limitations period imposed by § 2244(d)(1), and because petitioner demonstrates no basis for equitable tolling of that limitations period, the court concludes this action is not timely filed and should be dismissed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED:  This 15th day of February 2006 at Topeka, Kansas.

                 s/ Sam A. Crow
                SAM A. CROW
                U.S. Senior District Judge